IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO AGUAYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 1205 |
| v. ) | |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Pablo Aguayo's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's memorandum, which this Court will construe as a motion for summary judgment, is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 8] is granted.

## BACKGROUND

### I. Procedural History

Plaintiff filed his applications for DIB and SSI in June 2011, alleging disability beginning in August 2007 due to diabetes mellitus, high blood pressure,

and a torn tendon in both arms. (R. 212–22, 244.) His applications were denied initially and again upon reconsideration. (R. 58–96.) Plaintiff presented for a hearing before an ALJ on November 2, 2015, represented by counsel. (R. 35–57.) A vocational expert was present and offered testimony. (*Id.*) On December 4, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 14–34.) The AC denied review on January 24, 2017, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 1–8.)

## II. ALJ Decision

On December 4, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 14–34.) At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 3, 2011, his alleged onset date, and met the insured status requirements of the Act through March 31, 2017. (R. 22.) At step two, the ALJ found that Plaintiff suffered from severe impairments of carpal tunnel syndrome and lateral epicondylitis (tennis elbow). (*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (R. 24.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a medium exertional level, except he was limited to only frequent handling bilaterally. (R. 25.) At step four, the ALJ concluded that Plaintiff was capable of performing his past relevant work as an order picker. (R. 28–29.) Because of this determination, the ALJ found that Plaintiff was not disabled. (R. 29.)

## DISCUSSION

### III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386,

389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning

4

behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

V.     Analysis

Plaintiff argues that the ALJ's decision should result in remand because she: (1) improperly formulated his RFC; (2) erred in discounting his subjective symptom allegations; and (3) placed Plaintiff in the wrong age category when making her step four determination.

5

**A. RFC**

First, Plaintiff contends that the ALJ's RFC is unsupported by substantial evidence because the ALJ improperly accorded only partial weight to the opinions of his treating physician, Dr. Mark Gonzalez, M.D. In particular, Plaintiff argues that the ALJ's determination violated the well-established principle that treating physician's opinions are entitled to conclusive weight as long as they are not inconsistent with the evidence of record. *See* 20 C.F.R. § 416.927(d)(2).

Plaintiff is correct that the "treating physician rule" directs ALJs to give controlling weight to a claimant's treating physician if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence. *See* 20 C.F.R. § 404.1527(d)(2). But it is also clear from the regulation that treating physicians are not always entitled to controlling weight.

Plaintiff, who had a prior history with Dr. Gonzalez, presented to the doctor in April 2013 for follow up care shortly after undergoing right elbow debridement surgery. (R. 377) Based on his assessment of Plaintiff, Dr. Gonzalez put in place a work restriction which limited Plaintiff to no use of his right arm. (*Id.*) Around four months later, at another follow up appointment, Dr. Gonzalez modified his assessment and opined that Plaintiff could go back to work with a permanent restriction of lifting no more than fifty pounds. (R. 365.) The ALJ addressed these opinions, but found that subsequent examinations showed improvement in Plaintiff's physical condition, citing to an examination in 2014 by Dr. Gonzalez

6

which revealed relatively normal findings. (R. 603–09.) Because the ALJ found that Dr. Gonzalez's opinion was otherwise inconsistent with the evidence of record, she was not required to accord his findings controlling weight.

Additionally, and perhaps more to the point, Plaintiff has failed to show how reweighing Dr. Gonzalez's opinion would change the outcome of this case. Plaintiff's brief merely asserts that Dr. Gonzalez's opinion is entitled to controlling weight without illuminating how a different weight would impact the ALJ's disability decision. In fact, Dr. Gonzalez only temporarily put Plaintiff on a work restriction from use of his right arm, then subsequently modified the restriction to lifting no more than fifty pounds. In her RFC determination, the ALJ limited Plaintiff work at a medium exertional level, which by definition also limits Plaintiff to lifting no more than fifty pounds. Reg.§1567(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.") Therefore, Dr. Gonzalez's opinion and the ALJ's RFC determination are not inconsistent. Accordingly, the ALJ made no error at this stage.

Next, Plaintiff advances the argument that ALJ improperly omitted limitations in grasping, holding, turning objects, and lifting/carrying frequently. Plaintiff does not point to, and the Court does not find, any evidence in the record that Plaintiff had manipulative limitations. In fact, the state agency consultants found that Plaintiff had no manipulative limitations. (R. 62, 81.) Similarly, Dr. Gonzalez opined that Plaintiff could not lift more than fifty pounds, but had "no

7

other restrictions." (R. 365.) Accordingly, there was no need for the ALJ to include manipulative restrictions in her RFC finding.

   **B. Credibility**

   Second, Plaintiff next argues that the ALJ improperly assessed her subjective symptom statements and credibility.[1] An ALJ's credibility determination is granted substantial deference by a reviewing court unless it is "patently wrong" and not supported by the record. *Schmidt v. Astrue*, 496 F.3d 833, 843 (7th Cir. 2007); *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Elder*, 529 F.3d at 413 (holding that in assessing the credibility finding, courts do not review the medical evidence de novo but "merely examine whether the ALJ's determination was reasoned and supported"). An ALJ must give specific reasons for discrediting a claimant's testimony, and "[t]hose reasons must be supported by record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,

---

[1] In 2016, the Commissioner rescinded SSR 96-7p and issued SSR 16-3p, eliminating the use of the term "credibility" from the symptom evaluation process, but clarifying that the factors to be weighed in that process remain the same. See SSR 16-3p, 2016 WL 1119029, at *1, *7 (March 16, 2016). The ruling makes clear that ALJs "aren't in the business of impeaching claimants' character," but does not alter their duty to "assess the credibility of pain assertions by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original). However, the SSA recently clarified that SSR 16-3p only applies when ALJs "make determinations on or after March 28, 2016," and that SSR 96-7p governs cases decided before the aforementioned date. See Notice of Social Security Ruling, 82 Fed. Reg. 49462 n.27 (Oct. 25, 2017). The ALJ issued her opinion on December 9, 2015. Therefore, the ALJ properly applied SSR 96-7p.

8

539–40 (7th Cir. 2003) (quoting *Zurawski*, 245 F.3d at 887–88); see SSR 96-7p, 1996 WL 374186, at *4 (S.S.A. 1996).

The lack of objective evidence is not by itself reason to find a claimant's testimony to be incredible. *See Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). When evaluating a claimant's credibility, the ALJ must also consider "(1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions." *Scheck*, 357 F.3d at 703; *see also* SSR 96-7p at *3. An ALJ's "failure to adequately explain his or her credibility finding . . . is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015).

Plaintiff does not point to any specific errors in the ALJ's credibility determination. Rather, he generally contends that the ALJ "was only interested in selectively considering [his] reported limitations and symptoms." *Pl.'s Br.* at 9. But, it is clear from a review of the ALJ's decision that she adequately discounted his credibility.

First, Plaintiff appears to argue that the ALJ mistakenly based her entire credibility determination on Plaintiff's lack of objective evidence. To the contrary, the ALJ also considered Plaintiff's activities of daily living and his medical improvement.

In her discussion, the ALJ looked to Plaintiff's activities of daily living, including caring for his family, maintaining his personal care, preparing meals and doing chores, attending church, and, notably, working part-time after his alleged

9

on-set date. (R. 22–23, 27.) *See Berger v. Astrue*, 516 F.3d 539, 546 (7th Cir. 2008) ("In addition, [the claimant] continued to work as a carpenter, albeit on a part-time basis. Although the diminished number of hours per week indicated that [the claimant] was not at his best, the fact that he could perform some work cuts against his claim that he was totally disabled."). She also noted that Plaintiff exercised, including cardiovascular exercise and weight training, four times per week. (R. 27.) Not only was it appropriate for the ALJ to consider these activities, she articulated why they cut against Plaintiff's credibility. *See Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (stating that an ALJ must consider the entire case record when determining a claimant's credibility including the claimant's daily activities and limitations) (citation omitted).

Additionally, the ALJ noted Plaintiff's improvement with medical treatment. Specifically the ALJ noted that Plaintiff's elbow debridement suggested that his symptoms were genuine, but was offset by the fact that his records reflected that the surgery was successful in relieving his pain. (R. 27.) The ALJ noted that by May 2013 (Plaintiff's surgery occurred in March 2013), Plaintiff exhibited full range of motion and strength. (*Id.*)

For these reasons, the ALJ's credibility determination is supported by substantial evidence and she made no error when assessing Plaintiff's subjective symptom allegations.

### C. Step Four (Past Relevant Work)

Finally, Plaintiff argues that he should have been found disabled under the Medical-Vocational Guidelines ("Guidelines"). The Guidelines are not applicable in this case because the ALJ need not consider them until she reaches step five. *See* 20 C.F.R. § 404.1569; *see also Walker v. Bowen*, 834 F.3d 635, 640 (7th Cir. 1987) (indicating that use of the Guidelines is proper at step five of the sequential evaluation process). Here, the ALJ determined at step-four that Plaintiff could perform his past relevant work as an order-picker. Thus, whether Plaintiff was disabled under the Guidelines would not change the ALJ's decision in the case.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied and the Commissioner's cross-motion for summary judgment [Doc. No. 8] is granted. Affirmed.

**SO ORDERED.**  **ENTERED:**

*[Signature: Maria Valdez]*

**DATE:**  **July 12, 2018**

                                          **HON. MARIA VALDEZ**
                                          **United States Magistrate Judge**